1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KWAHERI M. ROWLAND,

11              Petitioner,              No. CIV S-04-0329 MCE EFB P

12        vs.

13   ANTHONY LAMARQUE,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ

17   of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2000 judgment of

18   conviction entered against him in the Sacramento County Superior Court on one count of

19   attempted robbery with four prior serious felonies and three prior prison terms.  He seeks relief

20   on the alleged grounds that: (1) his right to due process was violated by the giving of a jury

21   instruction; and (2) the prosecutor committed misconduct during her closing argument; and (3)

22   his trial counsel rendered ineffective assistance.  Upon careful consideration of the record and

23   the applicable law, the undersigned recommends that petitioner's application for habeas corpus

24   relief be denied.

25   ////

26   ////

1

I.     **Background**[1]

> A jury convicted defendant Kwaheri Morris Rowland of attempted robbery (Pen.Code, §§ 211, 664; further statutory references are to the Penal Code) and found he had suffered four prior serious felony convictions (§§ 667, 1170.12), and had served three prior prison terms (§ 667.5, subd. (b)).  Defendant was sentenced to state prison for 41 years to life, consisting of 25 years to life for the present offense, 15 years for three serious felonies, and one year for a prior prison term.

* * *

Facts

> In May 2000, Stanley Brooks was working the night shift at Lil Joe's Restaurant.  At approximately 9:15 p.m., defendant approached Brooks at the cash register with the apparent intent to purchase a soda.  However, once Brooks opened the register drawer, defendant reached over the counter and into the drawer to grab the money in the register.  Brooks reacted immediately by trying to close the drawer.  A restaurant patron jumped to Brooks's assistance and slammed the register drawer shut.  Defendant then wrestled with Brooks and the patron in an attempt to take the entire cash register.  Someone shouted for law enforcement to be summoned.  Defendant gave up and tried to flee.  His escape was thwarted by several individuals who physically restrained him until the police arrived.

II.    **Analysis**

**A.  Standards for a Writ of Habeas Corpus**

Federal habeas corpus relief is not available for any claim decided on the merits in state

court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1]  The following summary is drawn from the November 29, 2001 opinion by the California Court of Appeal for the Third Appellate District (hereinafter Opinion), at pps. 1-2, a copy of which is attached as Exhibit 2 to Respondent's Answer, filed on August 24, 2004.  This court presumes that the state court's findings of fact are correct unless petitioner rebuts that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).  Petitioner has not attempted to overcome the presumption with respect to the underlying events.  The court will therefore rely on the state court's recitation of the facts.

1         (2) resulted in a decision that was based on an unreasonable
2         determination of the facts in light of the evidence presented in the
        State court proceeding.

3 28 U.S.C. § 2254(d).

4      Under section 2254(d)(1), a state court decision is "contrary to" clearly established

5 United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law

6 set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially

7 indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different

8 result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406

9 (2000)).

10      Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas

11 court may grant the writ if the state court identifies the correct governing legal principle from the

12 Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's

13 case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because

14 that court concludes in its independent judgment that the relevant state-court decision applied

15 clearly established federal law erroneously or incorrectly. Rather, that application must also be

16 unreasonable." Id. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not

17 enough that a federal habeas court, in its independent review of the legal question, is left with a

18 'firm conviction' that the state court was 'erroneous.'")

19      The court looks to the last reasoned state court decision as the basis for the state court

20 judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a

21 decision on the merits but provides no reasoning to support its conclusion, a federal

22 habeas court independently reviews the record to determine whether habeas corpus relief is

23 available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

24 ////

25 ////

26 ////

**B.  Petitioner's Claims**

**1.  Jury Instruction Error**

Petitioner claims that his right to due process was violated by the giving of a jury instruction which "lowered the prosecution burden of proof below the requirements of Constitutional due process."  Pet. at 6.  Petitioner raised this claim for the first time in a petition for a writ of habeas corpus filed in the California Court of Appeal.  Answer, Ex. 5.  The Court of Appeal denied the petition with a citation to *In re Hillery*, 202 Cal.App.2d 293 (1962).[2]  Answer, Ex. 6.  Petitioner raised the claim again in a petition for writ of habeas corpus filed in the California Supreme Court.  Answer, Ex. 7.  The Supreme Court denied the petition with citations to *In re Swain*, 34 Cal.2d 300, 304 (1949); *People v. Duvall*, 9 Cal.4th 464, 474 (1995); *In re Lindley*, 29 Cal.2d 709 (1947); and *In re Dixon*, 41 Cal.2d 756 (1953).  Answer, Ex. 8.  Respondent argues that the California Supreme Court's citation to "several well established cases applying state procedural default rules" constitutes a procedural bar which precludes this court from addressing the merits of petitioner's claim of jury instruction error.  Answer at 7.  Respondent also urges this court to deny petitioner's claim of jury instruction error on the merits.  *Id.* at 10.

**a.  Procedural Bar**

State courts may decline to review a claim based on a procedural default.  *Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977).  As a general rule, a federal habeas court "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).  The state rule is only "adequate" if it is

---

[2]  *In re Hillery* held that the California Court of Appeal "has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made therefor in a lower court in the first instance."  202 Cal.App.2d at 294.

"firmly established and regularly followed." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 424

(1991)).  *See also Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003) ("[t]o be deemed

adequate, the state law ground for decision must be well-established and consistently applied.")

The state rule must also be "independent" in that it is not "interwoven with the federal law."

*Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Michigan v. Long*, 463 U.S.

1032, 1040-41 (1983)).  Even if the state rule is independent and adequate, the claims may be

heard if the petitioner can show:  (1) cause for the default and actual prejudice as a result of the

alleged violation of federal law; or (2) that failure to consider the claims will result in a

fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 749-50.  Procedural default is an

affirmative defense, and the state has the burden of showing that the default constitutes an

adequate and independent ground.  *Insyxiengmay v. Morgan*, 403 F.3d 657, 665-66 (9th Cir.

2005); *Bennett*, 322 F.3d at 585-86.

     Petitioner has procedurally defaulted his jury instruction claim only if the four cases cited

by the California Supreme Court in support of its denial of petitioner's habeas petition provide

adequate and independent state grounds for the Supreme Court's decision.  *Washington v.*

*Cambra*, 208 F.3d 832, 834 (9th Cir. 2000).  This is so because the California Supreme Court

invoked all four rules without specifying which rule applied to which of petitioner's claims.  *See*

*Bean*, 96 F.3d at 1131 (state procedural default no bar to federal review where state court's order

did not specify which rule applied to which claims); *Morales v. Calderon*, 85 F.3d 1387, 1392

(9th Cir. 1996) ("[A] procedural default based on an ambiguous order that does not clearly rest

on independent and adequate state grounds is not sufficient to preclude federal collateral

review") (citing *Siripongs v. Calderon*, 35 F.3d 1308, 1317-18 (9th Cir. 1994)).

     The court concludes that the California Supreme Court's citation to *In re Dixon* does not

constitute an adequate and independent procedural rule.  Nonetheless, the *Dixon* bar may be

"independent" as applied in this case.  *See Bennett*, 322 F.3d at 581-83.  Respondent, however,

has not met his burden of demonstrating that the *Dixon* bar is "adequate," having been regularly

and consistently applied in habeas actions post-1993.[3]  322 F.3d at 583-86.  *See also Wyrick v. Newland*, No. C 03-5623 JSW, 2007 WL 760529, at *5-6 (N.D. Cal. Mar. 9, 2007) (rejecting argument that citation to *Dixon* constituted adequate procedural bar and finding that the state had failed to meet its burden of proof under *Bennett* of establishing the adequacy of the procedural bar to preclude federal review).

The California Supreme Court also denied petitioner's claims with a citation to *In re Swain*.  In *Swain*, the California Supreme Court denied without prejudice the petitioner's untimely and vague application for a writ of habeas corpus, stating: "We are entitled to and we do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts."  34 Cal.2d at 304.  Accordingly, a citation to *In re Swain* indicates either that a petitioner has not made allegations with sufficient particularity or that the petitioner has failed to explain his delay in raising an issue.

As a general rule, a citation to *In re Swain* indicates that claims have not been presented to the California Supreme Court with sufficient specificity and a dismissal on that ground is without prejudice to the filing of a new, sufficient petition.  Thus, the federal courts generally view claims dismissed with a citation to *In re Swain* as unexhausted.  *See Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986) (the denial of a habeas petition by California courts with a citation to *In re Swain* is deemed a denial on procedural grounds, leaving state remedies unexhausted); *Harris v. Superior Court*, 500 F. 2d 1124, 1128, (9th Cir. 1974) (en banc) (denial of a habeas petition by the Supreme Court of California with a citation to *In re Swain* indicated that available state remedies had not been exhausted as the California Supreme Court had not been given the required fair opportunity to correct the constitutional violation).

---

[3]  The Ninth Circuit has held that the *Dixon* procedural bar was not firmly established and consistently applied at least prior to 1993 and therefore cannot constitute an independent and adequate state procedural bar prior thereto.  *See Cooper v. Calderon*, 255 F.3d 1104, 1111 (9th Cir. 2001); *Fields v. Calderon*, 125 F.3d 757, 765 (9th Cir. 1997).

1   The exhaustion doctrine is not a procedural rule that operates as a complete bar to

2   consideration of the merits of a federal habeas corpus application.  To the contrary, 28 U.S.C.

3   § 2254(b)(2) expressly authorizes the federal courts to deny an application for a writ of habeas

4   corpus on the merits "notwithstanding the failure of the applicant to exhaust the remedies

5   available in the courts of the State."  28 U.S.C. § 2254(b)(2).  The exhaustion requirement thus

6   does not preclude the federal court from reaching the merits of an application for writ of habeas

7   corpus in order to deny the application.

8   For the foregoing reasons, this court finds respondent's arguments regarding procedural

9   bar unpersuasive.  Accordingly, the court will address petitioner's claim of jury instruction error

10   on the merits.  Because the California courts denied petitioner's claim of jury instruction error on

11   procedural grounds, the AEDPA's deferential standard does not apply and this court must review

12   that claim *de novo*.  *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003) (when it is clear that a

13   state court has not reached the merits of a petitioner's claim, or has denied the claim on

14   procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court

15   must review the claim de novo); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (same).

16   **b.  Merits of Jury Instruction Claim**

17   Petitioner's jury was instructed with the current version of CALJIC No. 2.90, which

18   provides, in relevant part, as follows:

19   Reasonable doubt is defined as follows:  It is not a mere possible
    doubt; because everything relating to human affairs is open to
20   some possible or imaginary doubt.  It is that state of the case
    which, after the entire comparison and consideration of all the
21   evidence, leaves the minds of the jurors in that condition that they
    cannot say they feel an abiding conviction of the truth of the
22   charge.

23   Clerk's Transcript on Appeal (CT) at 63.  Petitioner claims that the giving of this instruction

24   violated his constitutional rights because it lowered the prosecution's burden of proof.

25   ////

26   ////

7

1    Prior to its modification in 1994, CALJIC No. 2.90 stated in relevant part:

2        Reasonable doubt is defined as follows:  It is not a mere possible
         doubt; because everything relating to human affairs, *and*
3        *depending on moral evidence*, is open to some possible or
         imaginary doubt.  It is that state of the case which, after the entire
4        comparison and consideration of all the evidence, leaves the minds
         of the jurors in that condition that they cannot say they feel an
5        abiding conviction, *to a moral certainty*, of the truth of the charge.

6    *Id.* (emphasis added).

7        In *Victor v. Nebraska*, 511 U.S. 1 (1994), the United States Supreme Court upheld the

8    constitutionality of this pre-1994 instruction, but criticized the use of the terms "moral evidence"

9    and "moral certainty."  *Id.* at 10-14.  Subsequent to the decision in *Victor*, the California

10   Supreme Court suggested that the instruction should be revised to delete the terms "moral

11   evidence" and "moral certainty" in order to prevent future convictions from being reversed on

12   the basis of the instruction.  In this regard, the California Supreme Court stated:

13       "A slight modification in view of [the *Victor*] decision might be
         deemed safe, indeed safer than not making it.  The high court made
14       clear that the terms "moral evidence" and "moral certainty" add
         nothing to the jury's understanding of reasonable doubt.  It thus
15       seems that trial courts might, in the future, safely delete the
         following phrases in the standard instruction:  "and depending on
16       moral evidence," and "to a moral certainty."

17   *People v. Freeman*, 8 Cal. 4th 450, 504 (1994).  California's pattern instruction on reasonable

18   doubt, CALJIC No. 2.90, was subsequently revised accordingly, and it is the revised instruction

19   that was given to petitioner's jury.

20       Petitioner's claim in this regard has been explicitly rejected by the U.S. Court of Appeals

21   for the Ninth Circuit and is therefore unavailing.  *See Lisenbee v. Henry*, 166 F.3d 997, 999 (9th

22   Cir. 1999).  Moreover, in state criminal trials, the Due Process Clause of the Fourteenth

23   Amendment "protects the accused against conviction except upon proof beyond a reasonable

24   doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*,

25   397 U.S. 358, 364 (1970).  "[T]he Constitution does not require that any particular form of

26   words be used in advising the jury of the government's burden of proof.  Rather, 'taken as a

8

1   whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.'"

2   *Victor*, 511 U.S. at 5 (quoting *Holland v. United States*, 348 U.S. 121, 140 (1954) (internal

3   citation omitted)).   In evaluating the constitutionality of a jury charge such as this one, a court

4   must determine "whether there is a reasonable likelihood that the jury understood the

5   instructions to allow conviction based on proof insufficient to meet the *Winship* standard."

6   *Victor*, 511 U.S. at 6.  *See also Ramirez v. Hatcher*, 136 F.3d 1209, 1211 (9th Cir. 1998).

7          Petitioner has failed to demonstrate a reasonable likelihood that the jury in his case

8   understood the instructions given at his trial either to suggest a standard of proof lower than due

9   process requires or to allow conviction on factors other than the prosecution's proof.  Reviewing

10   the instructions in their entirety, this court finds no reasonable likelihood that the jury

11   misunderstood the government's burden of proving petitioner's guilt beyond a reasonable doubt.

12   In addition to being given CALJIC 2.90, the jury was instructed that they "must determine what

13   facts have been proved from the evidence received in the trial and not from any other source."

14   CT at 49.  The jury was also told that the prosecution had the burden "of proving [petitioner]

15   guilty beyond a reasonable doubt."  *Id.* at 63.  These instructions, along with CALJIC 2.90,

16   adequately informed the jury of the prosecution's burden to prove the case against petitioner

17   beyond a reasonable doubt based on an analysis of the totality of the evidence introduced at trial.

18   The Supreme Court has held that "[a]n instruction cast in terms of an abiding conviction as to

19   guilt, without reference to moral certainty, correctly states the government's burden of proof."

20   *Victor*, 511 U.S. at 14.

21          This court concludes that the modified CALJIC 2.90 instruction given to the jury here

22   was a reasonable response to the Supreme Court's decision in *Victor*.  Further, taken as a whole,

23   the instructions correctly conveyed the concept of reasonable doubt to the jury.  *Lisenbee*, 166

24   F.3d at 999; *Ramirez*, 136 F.3d at 1214.  Accordingly, relief as to this claim should be denied.

25   ////

26   ////

### 2. Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct in closing argument.  As in petitioner's claim of jury instruction error, discussed above, petitioner raised his claim of prosecutorial misconduct in his petition for a writ of habeas corpus filed in the California Supreme Court, which dismissed the petition with citations to *In re Swain*, 34 Cal.2d 300, 304 (1949); *People v. Duvall*, 9 Cal.4th 464, 474 (1995); *In re Lindley*, 29 Cal.2d 709 (1947); and *In re Dixon*, 41 Cal.2d 756 (1953).  Answer, Exs. 7, 8.  Respondent argues that the California Supreme Court's citation to these cases constitutes a procedural bar which precludes this court from addressing the merits of petitioner's claim of prosecutorial misconduct.  Answer at 8-9. For the reasons explained above, the argument is unpersuasive.  Accordingly, the court addresses the merits of the claim, under a *de novo* review.

Petitioner objects to the following statements made by the prosecutor during his closing argument:  "I want to talk to you about the credibility issue.  There's three things I want you to think about when you assess the credibility of witnesses who took the stand."  Reporter's Transcript on Appeal (RT) at 158.[4]  Petitioner argues that the prosecutor's use of the words "who took the stand" constituted an improper comment on his right not to testify.  He explains his claim as follows:

> Although the prosecutor's argument begin (sic) with permissible comment on argument and permissible comment on the state evidence, it soon swayed into improper comment indirectly on petitioner's failure to explain or deny evidence by stating witness "ON THE STAND" were credible and had no motive to lie.  The net effect of this statement was to urge the jury to believe the testimony of the witnesses on the stand, because petitioner was the only one who could refute it, and did not take the stand and subject himself to cross-examination and to prosecution for perjury.  First of all, it was error for the prosecution to make any adverse comments on petitioner's Constitutional right to remain silent at trial.  Secondly, it is error when the prosecutor directs the jury's

---

[4]  The prosecutor then went on to argue that the witnesses did not have any motive to lie, that any discrepancies in their testimony were minor, and that their stories were credible.  *Id.* at 159-62.

1      attention to any inference that may arise from a defendant's failure
       to take the stand and explain or deny such evidence.

2

3 Pet. at 7.

4    The Fifth Amendment prohibits a prosecutor from commenting to the jury regarding the

5 defendant's failure to testify at trial.  *See Griffin v. California*, 380 U.S. 609, 615 (1965).  A

6 prosecutorial comment in argument runs contrary to the *Griffin* rule "if it is manifestly intended

7 to call attention to the defendant's failure to testify, or is of such a character that the jury would

8 naturally and necessarily take it to be a comment on the failure to testify."  *Lincoln v. Sunn*, 807

9 F.2d 805, 809 (9th Cir. 1987).  However, relief is to be granted on such a claim only "'where

10 such comment is extensive, where an inference of guilt from silence is stressed to the jury as a

11 basis for the conviction, and where there is evidence that could have supported acquittal.'" *Id.*

12 (citations omitted).  *See also Beardslee v. Woodford*, 358 F.3d 560, 587 (9th Cir. 2004); *United*

13 *States v. Olano*, 62 F.3d 1180, 1196 (9th Cir. 1995); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th

14 Cir. 1993).  Conversely, relief will not be granted where the prosecutorial comment is a single,

15 isolated incident, does not stress the inference of guilt from silence as a basis for the verdict and

16 is followed by a curative instruction.  *Lincoln*, 807 F.2d at 809.

17    This court concludes that no error of constitutional magnitude occurred here.  Only

18 through a rather convoluted reasoning process can the prosecutor's focus here on witnesses "who

19 took the stand" be construed as an adverse comment on petitioner's failure to testify–let alone as

20 a comment that stresses the defendant's silence as a reason for an inference of guilt and a basis

21 for a guilty verdict.  The comment was a single, isolated incident and essentially served to

22 identify the witnesses the prosecutor was going to discuss.  It did not stress an inference of guilt

23 from silence.  With regard to petitioner's claim that the prosecutor's comment was "aimed at

24 petitioner's failure to refute the prosecution witnesses," a prosecutor is entitled to comment on a

25 defendant's failure to present witnesses so long as it is not phrased to call attention to the

26 defendant's own failure to testify. *United States v. Hill*, 953 F.2d 452, 460 (9th Cir. 1991).  *See*

1   *also United States v. Ponce*, 51 F.3d 820, 831 (9th Cir. 1995) (not an improper comment on

2   defendant's failure to testify where prosecutor argued, "But I ask you to look at the various

3   things that the defense attorneys did not show you.  Look at the things the defense attorneys did

4   not offer you"); *United States v. Kessi*, 868 F.2d 1097, 1106 (9th Cir. 1989) ("It is permissible

5   for the prosecutor to call attention to [defendant's] failure to present exculpatory evidence so

6   long as he does not comment on the decision not to testify").  The prosecutor's comments in this

7   case did not suggest that petitioner should have testified.  Thus, they are permissible.  *See United*

8   *States v. Wasserteil*, 641 F.2d 704, 709-10 (9th Cir. 1981) ("'[a] comment on the failure of the

9   defense as opposed to the defendant to counter or explain the testimony presented or evidence

10   introduced is not an infringement of the defendant's Fifth Amendment privilege.'" (quoting

11   *United States v. Dearden*, 546 F.2d 622, 625 (5th Cir. 1977)).

12        The court also notes that petitioner's jury received the following instruction:

13        A defendant in a criminal trial has a constitutional right not to be
          compelled to testify.  You must not draw any inference from the
14        fact that a defendant does not testify.  Further, you must neither
          discuss this matter nor permit it to enter into your deliberations in
15        any way.

16        In deciding whether or not to testify, the defendant may choose to
          rely on the state of the evidence and upon the failure, if any, of the
17        People to prove beyond a reasonable doubt every essential element
          of the charge against him.  No lack of testimony on defendant's
18        part will make up for a failure of proof by the People so as to
          support a finding against him on any such essential element.

19

20   CT at 61-62.  These instructions clearly informed the jurors that they could not treat petitioner's

21   silence as substantive evidence of guilt, that they were not to draw any negative inference from

22   petitioner's failure to testify, and that they could not penalize petitioner for failing to fill in

23   material gaps in the evidence.  In any event, the prosecutor's comments in his closing argument

24   did not ask the jury to draw an adverse inference based on petitioner's election not to testify.

25   Given these circumstances, petitioner has failed to show prejudicial error by virtue of the

26   prosecutor's comments.  *See Rice v. Wood*, 77 F.3d 1138, 1143 (9th Cir. 1996) (*Griffin* error is

amenable to harmless-error analysis).  Accordingly, petitioner is not entitled to relief on this claim.

### 3. Ineffective Assistance of Trial Counsel

Petitioner claims that his trial counsel rendered ineffective assistance as a result of several errors and failures to act.  Respondent argues that these claims are unexhausted because they were not alleged with particularity in the state courts.  Answer at 11-12.  Notwithstanding the exhaustion requirement, the court addresses, under a *de novo* review, the petitioner's claims of ineffective assistance of trial counsel and recommends that they be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

### a. Legal Standards

The Sixth Amendment guarantees the effective assistance of counsel.  The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984).  To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 687-88.  After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  *Id*. at 690; *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  Second, a petitioner must establish that he was prejudiced by counsel's deficient performance.  *Strickland*, 466 U.S. at 693-94.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *Id.  See also Williams*, 529 U.S. at 391-92; *Laboa v. Calderon*, 224 F.3d 972, 981

1   (9th Cir. 2000).  A reviewing court "need not determine whether counsel's performance was

2   deficient before examining the prejudice suffered by the defendant as a result of the alleged

3   deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of

4   sufficient prejudice . . . that course should be followed."  *Pizzuto v. Arave*, 280 F.3d 949, 955

5   (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 697).

6        In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption

7   that counsel's performance falls within the 'wide range of professional assistance.'"  *Kimmelman*

8   *v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).  There is in

9   addition a strong presumption that counsel "exercised acceptable professional judgment in all

10  significant decisions made."  *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990) (citing

11  *Strickland*, 466 U.S. at 689).  However, that deference "is predicated on counsel's performance

12  of sufficient investigation and preparation to make reasonably informed, reasonably sound

13  judgments."  *Mayfield v. Woodford*, 270 F.3d 915, 927 (9th Cir. 2001) (en banc).

14                    **b.  Merits of Claim**

15       Petitioner's claim is stated, in full, as follows:

16       Petitioner contends counsel was ineffective: (1) Failing to
         challenge the sufficiency of the evidence.  (2) Failed to Investigate
17       or present mitigating evidence (3) Failed to present a defense (4)
         Failed to request competency hearing (5) Failed to object to
18       erroneous jury instruction.  At the outset of trial the court asked
         counsel if he's putting on any evidence at all?  Counsel.  I don't
19       expect so. (RT 140-141)   Petitioner contends that the failure to
         present a defense based on insufficient evidence deprived him the
20       opportunity for a judgment of not guilty.  Counsel failed to offer
         any evidence in mitigation.  In the case, petitioner was accused of
21       attempting to rob a business establishment.  Petitioner contends
         that the business maintain [sic] video surveillance of the entire
22       store.  This evidence would have put the alleged incident in
         dispute.  Counsel's failure to secure this and the fingerprint
23       evidence that was taking [sic] at the crime scene is indefensible.

24       Petitioner also contends that counsel violated his Fifth Amendment
         right, by reading a list of prior convictions to the jury prior to jury
25       deliberations thereby undermining his ability to argue persuasively
         in closing . . . and therefore it undermine[d] the adversarial
26       process.

                              14

1   Pet. at 6 of 10, 7 of 10a.

2       Petitioner's first three areas of concern appear to involve his trial counsel's decision to

3   rest on the state of the evidence instead of calling witnesses or introducing "mitigating evidence"

4   to present "a defense."  Pet. at 6.  These claims are vague and conclusory and inadequate to form

5   a basis for habeas relief.  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("conclusory allegations

6   which are not supported by a statement of specific facts do not warrant habeas relief").

7   Petitioner's failure to identify the type of defense, the witnesses, or the nature of the evidence

8   counsel should have introduced is fatal to these claims.  Petitioner's vague reference to possible

9   video surveillance or "fingerprint evidence" is not sufficient for this purpose.  He has also failed

10  to demonstrate prejudice, or that the result of the proceedings would have been different had

11  counsel put on a defense, called witnesses, or introduced other evidence.  *See Jackson v.*

12  *Calderon*, 211 F.3d 1148, 1159-60 (9th Cir. 2000) (even if court assumed that trial counsel was

13  ineffective in not having a physician examine the petitioner, there was not a reasonable

14  probability that the result would have been different if the examination had occurred); *Villafuerte*

15  *v. Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (petitioner's ineffective assistance claim denied

16  where he presented no evidence concerning what counsel would have found had he investigated

17  further, or what lengthier preparation would have accomplished); *United States v. Harden*, 846

18  F.2d 1229, 1231-32 (9th Cir. 1988) (no ineffective assistance because of counsel's failure to call

19  a witness where, among other things, there was no evidence in the record that the witness would

20  testify); *United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987) (appellant failed to meet

21  prejudice prong of ineffectiveness claim because he offered no indication of what potential

22  witnesses would have testified to or how their testimony might have changed the outcome of the

23  hearing).

24       Petitioner has also failed to demonstrate that trial counsel's decision to put the

25  prosecution to its proof was an unreasonable strategy under the circumstances of this case.

26  ////

1  Petitioner was essentially caught in the act of attempting to rob a restaurant.  Under these

2  circumstances, it is not clear to the court what "mitigating evidence" or witnesses could have

3  been presented.  "The decision whether to call any witnesses on behalf of the defendant, and if

4  so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in

5  almost every trial."  *United States v. Nersesian*, 824 F.2d 1294, 1321 (2nd Cir. 1987).

6  Reasonable tactical decisions, including decisions with regard to the presentation of the case, are

7  "virtually unchallengeable."  *Strickland*, 466 U.S. at 690.

8      Petitioner's trial counsel made the following comments during his closing argument

9          Let me explain to you.  When I first appeared before you just
           yesterday, I talked to you about what would be necessary.  What
           you'd be entitled to consider if Mr. Rowland testified.  Having
10          listened to the long list of witnesses, police officers, sheriff's
           officers, civilians that I anticipated were going to be called to
11          testify, I expected that the prosecution was going to prove this case
           to the point where a defense might be necessary.
12

13          Obviously, I now have advised Mr. Rowland that that's not the
           case.  That we've relied on the state of the evidence and rested
14          without putting on a defense, because they have not provided
           substantial, reliable, trustworthy, sufficient evidence to overcome
15          the presumption of innocence.  They have not proved their case
           beyond a reasonable doubt.

16

17  RT at 166.  It is clear that, after assessing the state of the evidence, trial counsel decided to put

18  the prosecution to its proof by challenging the sufficiency of the evidence.  This was not an

19  unreasonable decision and does not constitute a sufficient basis for a claim of ineffective

20  assistance of counsel.

21      For the foregoing reasons, petitioner is not entitled to relief on his claims that his trial

22  counsel rendered ineffective assistance when he failed to "challenge the sufficiency of the

23  evidence," failed to "investigate or present mitigating evidence," or "failed to present a defense."

24      Petitioner also claims that his trial counsel rendered ineffective assistance by failing to

25  request a competency hearing.  It is true that the conviction of a legally incompetent defendant

26  violates the Due Process Clause of the Fourteenth Amendment.  *Cooper v. Oklahoma*, 517 U.S.

16

348, 354 (1996); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 510 (9th Cir. 1994).  In federal court, a defendant is incompetent to stand trial if he lacks sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or lacks a rational as well as factual understanding of the proceedings against him.  *Dusky v. United States*, 362 U.S. 402 (1960).  *See also Godinez v. Moran*, 509 U.S. 389, 396 (1993); *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008); *Douglas v. Woodford*, 316 F.3d 1079, 1094 (9th Cir. 2003).  In California, "[a] defendant is mentally incompetent . . . [if] the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner."  Cal. Penal Code § 1367.  The burden of establishing mental incompetence rests with the petitioner. *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985); *McKinney v. United States*, 487 F.2d 948, 949 (9th Cir. 1973) ("[W]hen the issue of the defendant's competency to stand trial is raised in a § 2255 motion, the burden is upon the defendant to prove that he was not mentally competent to stand trial."); *see also Cacoperdo*, 37 F.3d at 510 (habeas petitioner bears burden of showing due process violation).

Petitioner has failed to carry his burden of showing that he was incapable of understanding the proceedings or assisting counsel.  Whether a defendant is competent to stand trial depends on "evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on competence to stand trial."  *Drope v. Missouri*, 420 U.S. 162, 180 (1975).  There is no such evidence here.[5]  There is also no evidence that the trial judge or

---

[5]  In state court, petitioner alleged that at the time of the preliminary hearing he was "under the care of county jail psychiatrist" and was taking "psychotropic medication 'Trazadone.'"  Answer, Ex. 5 at 18.  Even if this is true, there is no evidence that the medication petitioner was taking rendered him incompetent to stand trial.  The mere fact a defendant was taking medications, standing alone, does not establish that he was incompetent, nor does it raise a "bona fide doubt" as to his competence to stand trial.  *See Cacoperdo*, 37 F.3d at 510 (a conclusory allegation of mental illness without more is not substantial evidence sufficient to raise a reasonable doubt concerning one's competency to stand trial); *United States v. Williams*, 998 F.2d 258, 267 (5th Cir. 1993) ("Even if true, the bare allegation that he has seen a psychiatrist and taken psychotropic medication, without more, would not suffice to establish reasonable grounds to believe that Williams might be so mentally compromised as to be unable

1  petitioner's counsel had any doubt about petitioner's competence or that any person at his trial

2  should have observed that a competency hearing was required.  This fact is significant.  *See*

3  *Medina v. California*, 505 U.S. 437, 450 (1992) ("defense counsel will often have the

4  best-informed view of the defendant's ability to participate in his defense"); *United States v.*

5  *Lewis*, 991 F.2d 524, 528 (9th Cir. 1993) (a defense counsel's silence on the petitioner's

6  competency is some evidence that the petitioner showed no signs of incompetence at that time);

7  *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991) ("[w]e deem significant the fact that the

8  trial judge, government counsel, and Hernandez's own attorney did not perceive a reasonable

9  cause to believe Hernandez was incompetent"); *United States v. Clark*, 617 F.2d 180, 186 (9th

10  Cir. 1980) (fact that defendant's attorney considered defendant competent to stand trial was

11  significant evidence that defendant was competent).  Under the circumstances presented here,

12  petitioner has failed to show that his trial counsel's failure to request a competency hearing was

13  outside the wide range of professionally competent assistance or resulted in prejudice.

14  Accordingly, petitioner is not entitled to relief on this claim.

15      Petitioner challenges his trial counsel's failure to "object to erroneous jury instruction."

16  Although petitioner does not specify which instruction counsel failed to object to, the court will

17  assume that he is referring to CALJIC No. 2.90.  As discussed above, the giving of CALJIC No.

18  2.90 was not improper.  Accordingly, petitioner's trial counsel did not render ineffective

19  assistance by failing to object.  *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the

20  failure to take a futile action can never be deficient performance").

21  ////

22  ////

23  _____

24  to understand trial proceedings or to assist in his own defense"); *Thirkield v. Pitcher*, 199
    F.Supp. 2d 637, 652 ( E.D. Mich. 2002) ("Psychotropic drugs are intended to restore
25  competence, and while they are not always successful in doing so, use of psychotropic
    medication is evidence only of mental illness, not that the illness rendered the person
26  incompetent").

1    Finally, petitioner claims that his trial counsel rendered ineffective assistance when he

2    read a list of petitioner's prior convictions to the jury during his opening statement.  The record

3    reflects that during a pre-trial hearing, petitioner's trial counsel informed the court that, although

4    he couldn't "say for certain" whether petitioner was going to testify at trial, he thought that

5    petitioner would probably do so.  RT at 5.  At that point, the trial court granted the prosecutor's

6    request to allow petitioner to be impeached with his prior offenses.  *Id.*  Petitioner's counsel

7    explained that it was his usual practice to inform his juries during his opening statement that if

8    the defendant took the stand, he would be impeached with his prior convictions.  *Id.* at 6.

9    Although the opening statements have not been transcribed, it appears that petitioner's counsel

10   told the jury about petitioner's prior convictions.  *See id.* at 23, 166.  Ultimately, petitioner did

11   not testify.  During his closing argument, petitioner's counsel explained that petitioner had

12   decided not to testify after concluding that the defense could simply "rel[y] on the state of the

13   evidence and rest[] without putting on a defense."  *Id.* at 166.  Counsel then made the following

14   statements:

15   As a consequence of that, I have to ask you to do what I think is
     directly opposed to human nature.  I read to you a long list of prior
16   felony convictions that Mr. Rowland has suffered.  And I told you
     at the time that if he did not testify, you wouldn't be entitled to
17   consider those.  I now have to ask you to put those entirely out of
     your mind, and to consider him as new and pure as a newborn
18   baby.

19   Secondly, as far as the law is concerned, and I consider that to be a
     very difficult task, because you've heard those things.  The law
20   requires you to put them out of your mind, to consider him as
     though he had never been in a court of law before.  That's what the
21   law requires of you.

22   I would ask you to try to do that.  To give every effort to do that.  I
     would ask you that if you just feel that you can't do that, you can't
23   give him the full benefit of the presumption of innocence, to advise
     the bailiff and let the court know that you're unable to do that.
24
     I apologize to Mr. Roland, because this makes it harder for him to
25   get a fair trial, because I'm asking you to do what is virtually
     impossible.  I do ask you to you [sic] do it.  I know that each and
26   every one of you will try, and you will give it your best effort.

1    And I think maybe you can do it, but I worry.  And I think it's my
     fault that we're in that situation.
2

3    *Id.* at 166-67.  Counsel also stated that he had made the jury's job "harder" and that he had

4    "made it more difficult for [petitioner] to receive a fair trial from you."  *Id.* at 165.

5         Assuming *arguendo* that petitioner's trial counsel rendered ineffective assistance when

6    he informed the jury about petitioner's prior convictions during his opening statement, petitioner

7    has failed to demonstrate prejudice.  The evidence was overwhelming that petitioner was the

8    perpetrator of the attempted robbery.  He was caught trying to steal the cash register and was

9    detained by patrons of the restaurant until the police arrived.  Under these circumstances,

10   petitioner cannot show that, but for counsel's error, the result of the proceedings would have

11   been different.  Because petitioner has failed to demonstrate prejudice with respect to this claim,

12   it should be denied.

13        For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

14   application for a writ of habeas corpus be denied.

15        These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

21   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22   DATED:  June 12, 2009.

23

24                    EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE
25

26

                                    20